IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

TYRONE BROWN,

    Plaintiff,

v.

FLORIDA POP, LLC,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TYRONE BROWN (hereinafter "Plaintiff"), files this Complaint against Defendant, FLORIDA POP, LLC, a Foreign Limited Liability Company ("Defendant") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter referred to as the "FLSA") to recover unpaid minimum wages, overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Broward County, Florida, located within the Southern District of Florida.

## PARTIES

4. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

5. At all times material hereto, Defendant was a Foreign Limited Liability Company engaged in business in Florida, with a principal place of business in Dallas, Texas.

6. At all times material hereto, Defendant was an "employer" as defined by 29 U.S.C. § 201, *et seq.*

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, computers, telephones, and cash registers, which were used directly in furtherance of Defendant's commercial activity of operating fast food restaurants.

12. At all times material hereto, Plaintiff was 'engaged in commerce' and was subject to the individual coverage of the FLSA, by virtue of his handling or otherwise working on goods or materials that had been moved in commerce and which were used directly in furtherance of Defendant's' commercial activity of operating a fast food restaurants.

13. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

14. Defendant operates several Popeye's Fried Chicken ("Popeye's") restaurants in South Florida.

15. One of the Popeye's locations is located at 506 S. Federal Hwy., Dania Beach, Florida 33004.

16. Plaintiff worked for Defendant's 506 S. Federal Hwy. location from approximately December 2019 through March 2020 as a crew member.

17. Plaintiff's duties included operating the cash register, customer service, and maintaining cleanliness of the restaurant.

18. Plaintiff maintained the same duties throughout the duration of his employment.

19. In most, if not all work weeks, Plaintiff worked for Defendant in excess of forty (40) hours.

20. From approximately December 2019 through March 2020, Plaintiff worked approximately 55 hours each week.

21. However, Defendant failed to pay Plaintiff for all hours that he worked each week.

22. As a result of Defendant's failure to compensate Plaintiff for all hours that he worked each week, Plaintiff was not paid the applicable minimum wage for all hours that he worked.

23. Moreover, Defendant failed to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all of the hours that he worked in excess of forty (40) hours in a given work week.

24. Plaintiff should have been, and should be, compensated at a rate of one and one-

half times his regular rate of pay for those hours that he worked in excess of forty (40) hours per workweek, as required by the FLSA, but Defendant failed to so compensate Plaintiff.

25. Plaintiff should have been, and should be, compensated at a rate not less than the applicable minimum wage for all of the hours that he worked each workweek, as required by the FLSA, but Defendant failed to so compensate Plaintiff.

26. Plaintiff complained to several of Defendant's management employees but nothing was done to rectify the situation.

27. Defendant have violated Title 29 U.S.C. §206 and 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours per week during his period of employment with Defendant;

   b. No payments, or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the applicable minimum wage and one and one-half times Plaintiff's regular rate for those hours that he worked in excess of forty (40) hours per work week as provided by the FLSA;

   c. Defendant failed to pay Plaintiff at least minimum wage in most, if not all work weeks in violation of the FLSA;

   d. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

28. Plaintiff realleges and reincorporates paragraphs 1 through 27 as if fully set forth herein.

29. Plaintiff worked in excess of forty (40) hours per week in most, if not all, work weeks while employed by Defendant.

30.     Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours each workweek.

31.     Plaintiff is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours each work week.

32.     At all times material hereto, Defendant failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

33.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times their regular rate of pay for the hours that he worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

34.     Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

35.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

36.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF 29 U.S.C. § 206 MINIMUM WAGE

37.     Plaintiff realleges and reincorporates paragraphs 1 through 27 as if fully set forth herein.

38.     Plaintiff is entitled to be paid at least the Florida minimum wage for all hours worked in a workweek during his employment with Defendant.

5

39. Defendant failed to pay Plaintiff at least the Florida minimum wage for all of the hours that he worked in most, if not all work weeks.

40. Defendant had specific knowledge that it was paying sub-minimum wages to Plaintiff.

41. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for unpaid minimum wages, plus liquidated damages.

42. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendant:

    a. An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff the full amount of damages and liquidated damages available by law;

    b. Overtime compensation for all hours worked over forty in a work week at the applicable time and one-half rate;

    c. All unpaid minimum wages at the applicable minimum wage rate;

    d. An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

    e. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    f. Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

g. Such other relief to which Plaintiff may be entitled, at law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated: May 11, 2021.

/s/ *Chanelle J. Ventura*
Chanelle J. Ventura
Florida Bar No. 1002876
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
T: (954) 318-0268
F: (954) 327-3039
Email: cventura@forthepeople.com

*Attorney for Plaintiff*

**STATE OF FLORIDA**

**COUNTY OF BROWARD**

I, TYRONE BROWN, declare under penalty of perjury, pursuant to 28 U.S.C. §1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

DATE: May 11, 2021

Tyrone Brown (May 11, 2021 15:35 EDT)
**TYRONE BROWN, PLAINTIFF**

7